IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DAN and PEGGI WILLIS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:11-CV-00096-SWH |
| | ) | |
| QUAD LAKES ENTERPRISES, L.L.C. *d/b/a* | ) | |
| WILDER RV; WILDER RV, INC., and | ) | |
| PROGRESSIVE CASUALTY INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

Plaintiffs filed a motion, with suggestions in support of the motion, seeking a more definite statement of affirmative defenses raised by defendant Quad Lakes Enterprises, LLC's amended answer. (Doc. #27 & #28) In support of their motion, plaintiffs argue that under Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the pleading requirements under Rule 8 of the Federal Rules of Civil Procedure have changed to require that an affirmative defense "must provide fair notice of what the defense is and the ground upon which it rests." (Doc. #28 at 3) Plaintiffs argue that defendant Quad Lakes Enterprises merely listed the defenses and provided no supporting factual allegations. (Doc. #28 at 3)

The briefing of the parties recognizes the split in authority among district courts over whether the pleading requirements of Iqbal and Twombly apply to affirmative defenses. It appears that the Eighth Circuit has not yet ruled on the issue. A number of recent decisions have determined that the heightened pleading requirements in Twombly do not apply to affirmative defenses. See e.g. Baroness Small Estates, Inc. v. BJ's Restaurants, Inc., 2011 WL 3438873 (C.D. Cal. Aug. 5, 2011); Holley Performance Products, Inc. v. Quick Fuel Technology, Inc., 2011 WL 3159177 (W.D. Ky. July 26, 2011); Adams v. JP Morgan chase Bank, N.A., 2011 WL 2938467 (M.D. Fla. July 21,

2011); Floyd v. SunTrust Banks, Inc., 2011 WL 2441744 (N.D. Ga. June 13, 2011).

Having reviewed the conflicting decisions and the basis for their holdings, this Court is particularly persuaded by the reasoning found in Falley v. Friends University, 2011 WL 1429956 (D. Kan. April 14, 2011). In Falley, the court was primarily persuaded that the language differences between Rule 8(a) and Rule 8(b) and (c) compel a determination that the pleading requirements for a complaint require more than the pleading requirements for an affirmative defense. Falley, 2011 WL 1429956 at *2, Rule 8(a) requires that a claim for relief contain "a short and plain statement of the claim *showing that the pleader is entitled to relief* . . . ." Fed. R. Civ. P. 8(a). On the other hand Rule 8(b) which deals with defenses only requires that the party "state in short and plain terms its defenses to each claim asserted against it . . . ." Fed. R. Civ. P. 8(b)(1)(A). In discussing affirmative defenses, Rule 8(c) requires only that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense . . . ." Fed. R. Civ. P. 8(c)(1). The court in Falley found that the requirements of a responsive pleading "is markedly less demanding than that of Rule 8(a), where a pleading must *show* an entitlement to relief." Falley, 2011 WL 1429956 at *2 (emphasis in original). The court also found support for its decision based on the fact that "[a] plaintiff may take years to investigate and prepare a complaint, limited only by the reigning statute of limitations. But once that complaint is served, a defendant has only 21 days in which to serve an answer." Falley, 2011 WL 1429956 at *3.

This Court is persuaded by the reasoning in Falley. The more heightened pleading standard set forth in Iqbal and Twombly, therefore, does not apply to the pleading requirements for affirmative defenses. Plaintiffs motion for a more definite statement is therefore denied.

It should also be noted that the Rule 12 of the Federal Rules of Civil Procedure does not contemplate a motion for a more definite statement of an answer. Rule 12(e) states that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A reply to an answer is only allowed where the court orders one. Fed. R. Civ. P. 7(a); see

also Perry v. Wal-Mart Stores, East, L.P., 2009 WL 3756959 at *1 (E.D. Mo. Nov. 9, 2009) (denying a motion for more definite statement of an answer where the court did not order a reply to the answer). This Court has not ordered a reply to the answer. Therefore, there is no basis for the Court to order a more definite statement of the answer.

Accordingly, it is

ORDERED that Plaintiffs Dan and Peggi Willis' Motion for More Definite Statement of Affirmative Defenses Raised by Defendant Quad Lakes Enterprises, LLC in its Amended Answer (Doc. #27) is DENIED.

/s/  *SARAH W. HAYS*
SARAH W. HAYS
United States Magistrate Judge